IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THE PASSAVANT MEMORIAL AREA HOSPITAL ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11-3116 |
| LANCASTER POLLARD & CO., LANCASTER POLLARD ASSET MANAGEMENT, LLC, and STEVE KENNEDY, | ) ) ) ) ) | |
| Defendants and Third Party Plaintiffs, | ) ) ) ) | |
| v. | ) ) | |
| JASON L. GEORGE and PECK, SHAFFER & WILLIAMS, LLP, | ) ) ) ) | |
| Third Party Defendants. | ) | |

# OPINION

SUE E. MYERSCOUGH, United States District Judge.

This cause is before the Court on the Motion to Reconsider the September 30, 2011 Text Order (d/e 65) filed by Third Party Defendants Jason L. George and Peck, Shaffer & Williams, LLP. For the reasons that

follow, the Motion to Reconsider is GRANTED.

## BACKGROUND

In April 2001, Plaintiff Passavant Memorial Area Hospital Association filed a Complaint in state court against Defendants Lancaster Pollard & Co., Lancaster Pollard Asset Management, LLC, and Steven W. Kennedy. In May 2011, Defendants filed a Notice of Removal on the basis of diversity jurisdiction. Thereafter, Defendants filed a Third Party Complaint against the Third Party Defendants and Allison M. Binkley. In November 2011, Binkley was dismissed from the case by stipulation.

In August 2011, Plaintiff filed an amended complaint to add state law claims against the Third Party Defendants. Third Party Defendants moved to dismiss the amended complaint on the grounds that the amended pleading was untimely and that amendment would be futile. See d/e 31, 49. Defendants joined in Peck, Shaffer & Williams' motion but took no position on whether an attorney-client relationship existed between Plaintiff and Peck, Shaffer & Williams. See d/e 36.

On September 30, 2011, this Court entered a text order that resolved numerous motions and allowed limited discovery on the issue of personal jurisdiction over third party defendant George. Regarding the Amended Complaint, the Court held:

> Also pending are Motions to Strike the Amended Complaint. Passavant Memorial Area Hospital Association (Passavant) filed the Amended Complaint on August 1, 2011. Although Passavant has not yet responded to the Motions, the Court, in the interest of judicial economy, GRANTS Peck, Shaffer & Williams, LLP's Motion to Strike the Amended Complaint (d/e 31), Lancaster's Motion Adopting Peck, Shaffer & Williams, LLPs Motion (d/e 36), and George's Motion to Strike Plaintiff's Amended Complaint (d/e 49) on the ground that Passavant's right to amend its Complaint as a matter of course expired 21 days after Lancaster filed the Answer to the Complaint. See d/e 6; Fed.R.Civ.P. 15(a) (providing that a plaintiff can amend its complaint once as a matter of course within 21 days of the responsive pleading). Nonetheless, the Court GRANTS Passavant leave to file an Amended Complaint or indicate that it intends to stand on the original Complaint on or before November 21, 2011, which is one week following the close of discovery on the issue of personal jurisdiction. Passavant is reminded, however, that the case is in federal court on diversity jurisdiction. Peck Shaffer & Williams, LLP is a limited liability partnership

> whose citizenship is the citizenship of each of its members or partners. See Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998).

On November 21, 2011, Plaintiff filed its Second Amended Complaint (d/e 60) naming George and Peck, Shaffer & Williams as defendants. That same day, Plaintiff filed a Motion to Remand (d/e 61) asserting that the joinder of Peck, Shaffer & Williams destroyed diversity. Specifically, Plaintiff asserted that Peck, Shaffer & Williams was a limited liability partnership with an office in Chicago and that two partners in the Chicago office reside in Illinois.

Defendants oppose the Motion to Remand, asserting that Plaintiff has failed to demonstrate that Peck Shaffer & Williams is a citizen of Illinois. See d/e 64. Third Party Defendants also oppose the Motion to Remand, asserting, in part, that diversity is not destroyed because Peck Shaffer & Williams is a citizen of Ohio and, as of the date of the filing of the Complaint, Amended Complaint, and Second Amended Complaint, had no equity partners residing in Illinois. See d/e 67.

Despite asserting that diversity was not destroyed in response to

the Motion to Remand, Third Party Defendants also filed a Motion to Reconsider the September 20, 2011 Text Order which granted Plaintiff leave to file an amended complaint. See d/e 65. In the Motion to Reconsider, the Third Party Defendants assert that this Court should reconsider allowing Plaintiff leave to file the Second Amended Complaint because the "Court did not have the benefit of the analysis of the [Third Party Defendants] that amendment not only would be futile, but also that joinder of the [Third Party Defendants] by an amended pleading was a 'fraudulent joinder' designed to defeat jurisdiction[.]" See Motion (d/e 65). That is, Third Party Defendants recognize the possibility that the joinder of Peck, Shaffer & Williams would destroy complete diversity and require remand. See, e.g., Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998) ("The citizenship of a partnership is the citizenship of the partners, even if they are limited partners, so that if even one of the partners (general or limited) is a citizen of the same state as the plaintiff, the suit cannot be maintained as a diversity suit").

# ANALYSIS

"When joinder of a nondiverse party would destroy subject matter jurisdiction, [footnote omitted] 28 U.S.C. § 1447(e) applies and provides the district court two options: (1) deny joinder, or (2) permit joinder and remand the action to state court."  Schur v. L.A. Weight Loss Center, 577 F.3d 752, 759 (7th Cir. 2009).  To determine whether to allow post-removal joinder of a nondiverse party, a district court considers the following factors:

> (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction; (2) the timeliness of the request to amend; (3) whether the plaintiff will be significantly injured if joinder is not allowed; and (4) any other relevant equitable considerations.

Schur, 577 F.3d at 759.

In this case, the Court has not had the opportunity to rule on the propriety of joining a nondiverse party because (1) it remains unclear whether Peck, Shaffer & Williams is a nondiverse party and (2) the Court did not consider §1447(e) and the factors articulated in Schur when the Court entered the September 30, 2011 text order.  See 28

U.S.C. §1447(e) (providing that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court"). Where a court is unaware that joinder will destroy diversity, the court may reconsider a prior decision to grant leave to amend. See Schur 577 F.3d at 761 (citing with approval courts that have concluded "that when a district court is unaware that joinder will destroy diversity, it may reconsider its prior decision permitting leave to amend a complaint"). Although this Court recognized, in the September 30, 2011 text order, that adding Peck, Shaffer & Williams might have jurisdictional implications, the Court did not conclusively determine whether jurisdiction would be destroyed and did not consider the relevant factors before allowing Plaintiff leave to amend.

## CONCLUSION

For these reasons, the Court GRANTS Third Party Defendants' Motion to Reconsider (d/e 65) and VACATES the portion of the September 30, 2011 text order granting Plaintiff leave to file a Second

Amended Complaint. The Second Amended Complaint (d/e 60) is STRICKEN. Plaintiff may file a Motion for Leave to File a Third Amended Complaint on or before February 1, 2012. In that Motion, Plaintiff must address (1) whether joining George or Peck, Shaffer & Williams as defendants would destroy diversity and (2) the relevant factors for determining the propriety of post-removal joinder of a nondiverse party. Defendants and Third Party Defendants may respond to the Motion for Leave to File a Third Amended Complaint on or before February 15, 2012. The Motion to Remand (d/e 61) and Motion to Dismiss the Second Amended Complaint (d/e 69) are DENIED AS MOOT. The Motions to Dismiss Third Party Complaint (d/e 23, 56) and the Motion to Dismiss for Failure to State a Claim (d/e 73) remain pending.

ENTER: January 20, 2012

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE